

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JONATHAN HUTCHINSON**
*Senior Counsel*
Phone: (212) 356-2410
Fax: (212) 356-3509
Email: jhutchin@law.nyc.gov

March 20, 2025

**BY ECF**
Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: Derwin Gonzalez v. City of New York, et al.,
     25 Civ. 1452 (LJL)

Your Honor:

  I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("City") in the above-mentioned matter. Defendant writes to respectfully correct the answer deadline noted on the docket for individually named defendants Zinaman, Rogers, and Desai. See ECF No. 6.

  By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, excessive force, false arrest, malicious prosecution, denial of a fair trial, free exercise and free speech violations, and assorted state law claims, in addition to a claim for municipal liability arising from his arrest on or about November 22, 2023. Plaintiff names the City of New York, New York City Police Department ("NYPD") Police Officers Zachary Zinaman, Brenden Rogers, and Utsav Desai, and several unidentified NYPD officers as defendants in this action. On February 25, 2025, this matter was designated to participate in Local Civil Rule 83.10 ("the § 1983 Plan"). See Court Docket Entry dated February 25, 2025.

  In accordance with the § 1983 Plan, defendants' answer is due 80 days after service of the first defendant. The § 1983 Plan further provides that at the same time that plaintiff serves the Complaint, plaintiff must serve on the City a § 160.50 release. Additionally, the § 1983 Plan provides that, if plaintiff seeks compensation for any physical or mental injury caused by the conduct alleged in the complaint other than "garden variety" emotional distress, plaintiff is required to serve on the City medical releases for all medical and psychological treatment records for those injuries at the same time that plaintiff serves the § 160.50 release.

- 2 -

        The date on the docket provides the answer deadline for defendants Zinaman, Rogers, and Desai as March 20, 2025, which, pursuant to the § 1983 Plan is incorrect. The City was served with the Complaint on February 25, 2025. However, the City did not receive the § 160.50 release or the medical releases at the time of service. In compliance with the § 1983 Plan, on March 20, 2025, the City sent a letter to plaintiff's counsel requesting the § 160.50 release and medical releases and attached a copy of the § 1983 Plan.

        Accordingly and pursuant to the § 1983 Plan, it is respectfully submitted that defendants City of New York, Zinaman, Rogers, and Desai's answers to the Complaint are not yet due and defendants' time to answer the Complaint will be calculated based on the date the required releases are received.

        Thank you for your consideration herein.

        Respectfully submitted,

        */s/ Jonathan Hutchinson*

        Jonathan Hutchinson
        *Senior Counsel*
        Special Federal Litigation Division

cc:   **BY ECF**
      Elena Louisa Cohen, Esq.
      Remy Green, Esq.
      Gideon Orion Oliver, Esq.
      *Attorneys for Plaintiff*