

**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

March 26, 2025

BY ECF
Hon. Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Derwin Gonzalez v. City of New York, et al.*, 25 CV 1452 (LJL)

Your Honor:

    I am co-counsel for Plaintiff in the above matter.

    I write in response to the March 20, 2025 letter from counsel for Defendant City of New York (ECF 9) seeking "to correct the answer deadline noted on the docket in accordance with Local Civil Rule 83.10" – the so-called "1983 Plan." To cut to the chase, defense counsel is correct that the deadlines on ECF 6 are incorrect given that the case has been designated for participation in the 1983 Plan and the deadlines in the 1983 Plan. However, Plaintiff cannot provide medical releases for all of the treatment he received, as strict compliance with the 1983 Plan would require, as a result of the incident without discovering who provided the treatment to Plaintiff while he was in NYPD custody on the date of the incident. I have recently requested that information from counsel for Defendant City. And, in light of those circumstances, Plaintiff questions whether it is appropriate for this case to remain in the 1983 Plan.

    By way of background, Plaintiff initiated this action against Defendant City of New York and several members of the New York City Police Department (the "NYPD") on February 20, 2025. *See* ECF 1-3.

    Mr. Gonzalez received treatment for physical injuries related to the underlying incident on November 22, 2023 from Emergency Medical Technicians (EMTs) while in the custody of the NYPD at the 9th Precinct – including to remove NYPD Taser prongs from his body - as well as at a private hospital after his release.

    On February 24, 2025, I served Defendant City of New York with a copy of the Summons and Complaint in this matter, along with the Court's Individual Rules and the ECF Rules and Instructions. I will file proof of service on the docket. (While counsel for

Defendant City's letter states that service was completed on February 25, 2025, service was in fact made on the 24th).

On February 25, 2025, the Court designated the case for participation in the 1983 Plan.

On February 27, 2025, Plaintiff caused the individual Defendants (*i.e.,* those aside from the City of New York) to be served with the Summons and Complaint. *See* ECF 6.

Plaintiff had hoped that defense counsel for the City would make contact within 21 days of service of the Complaint on Defendant City, or by March 17, 2025, in order to discuss roadblocks Plaintiff has encountered in obtaining records related to some medical treatment Plaintiff received while still in NYPD custody and providing releases to cover that treatment, as well as whether it makes sense for this case to be included in the 1983 Plan. However, that did not happen. Instead, defense counsel filed a Notice of Appearance in the case on the afternoon of March 20, 2025. Soon after, defense counsel sent Plaintiff's counsel a letter requesting releases required by the 1983 Plan. Around 20 minutes later, defense counsel wrote the Court asking that the Court correct certain answer deadlines as indicated on the docket (ECF 9) – that is the letter I am now responding to.

By way of updates, on March 21, 2025, I provided the Law Department with an unsealing release as well as a release covering the treatment Plaintiff received at the private hospital following his release from the 9th Precinct.

However, Plaintiff cannot provide a release covering the treatment that Plaintiff received while in NYPD custody, because Plaintiff cannot identify the provider(s) of that treatment without discovery from Defendants about which provider visited the 9th Precinct while Plaintiff was in NYPD custody. And, consequently, Plaintiff cannot strictly comply with the 1983 Plan by providing releases for access to those medical records at this time.

As a result, also on March 21, 2025, I made a request by e-mail that counsel for Defendant City "provide documents and/or information in Defendant City's care, custody, or control sufficient to identify the provider(s) who responded to the 9th Precinct to treat Mr. Gonzalez on November 22, 2023" and asked counsel for Defendant City for a call to confer about the request, as well as whether it is appropriate for the case to remain in the 1983 Plan at all. I await counsel's response to those requests.

Plaintiff and Plaintiff's counsel thank Your Honor for the Court's attention to this matter.

Respectfully submitted,

/S/

Gideon Orion Oliver