

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | T HE C ITY OF N EW Y ORK<br>**L AW D EPARTMENT**<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | **JONATHAN HUTCHINSON**<br>*Senior Counsel*<br>Phone: (212) 356-2410<br>Email: jhutchin@law.nyc.gov |

> To the extent that Plaintiff moves to exempt the case from the Local Civil Rule 83.10 Plan, the request is denied as premature. The parties are directed to meet and confer regarding whether the case should stay within the Plan and regarding the date for Defendants to respond to the complaint and to submit a joint letter to the Court by no later than April 25, 2025 regarding the results of the meet and confer.

April 18, 2025

SO ORDERED.

*/s/ Lewis J. Liman*
LEWIS J. LIMAN
United States District Judge

**By ECF**
Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Derwin Gonzalez v. City of New York, et. al.,
      25 Civ. 1452 (LJL)

Your Honor:

  I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("City") in the above-mentioned matter. Defendant City writes to oppose plaintiff's request to remove this case from the Local Civil Rule 83.10 Plan (hereinafter, "the Plan").

  As an initial matter, plaintiff's application is premature. Local Rule 83.10 (d)(1) directs that any application to exempt a case from the Plan should be made after the parties' Rule 26(f) conference, which is to be held within 14 days after the first defendant files its answer. Here, although defendant City was served with the Complaint on February 24, 2025 and, as indicated on the docket, individually named defendants Zinaman, Rogers, and Desai were served on February 27, 2025; the deadline for defendants City of New York, Zinaman, Rogers, and Desai's answers to the Complaint was not set because plaintiff failed to serve defendant City with the § 160.50 release or any medical releases at the time of service as required by the Plan. See ECF Nos. 6, 9.

  Even if this request were timely, it should be denied. This is precisely the type of action that belongs in the Plan. This action was commenced by filing of the complaint (ECF No. 1) on February 20, 2025, alleging principally claims for false arrest and excessive force pursuant to 42 U.S.C. § 1983. Accordingly, this case was assigned to the Local Civil Rule 83.10.

Plaintiff does not contend that his case was improperly assigned to the Plan. Rather, plaintiff submits that plaintiff "questions whether it is appropriate for this case to remain in the 1983 Plan" because plaintiff has thus far been unable to identify the provider of treatment plaintiff received by an ambulance crew at the 9th Precinct station house and thus cannot provide a release to defendant City for that treatment. ECF No. 10. Notwithstanding plaintiff's initial difficulties in providing a release for medical records for treatment plaintiff received by the ambulance crew, defendant City respectfully submits this matter should remain in the Plan.

As the Court is aware, the Plan provides specific efficiencies and encourages early resolution of cases that allege the type of claims at issue in this case.  See, e.g., Elliot v. City of New York, No. 20 Civ. 702 (NRB), 2020 U.S. Dist. LEXIS 216028, at *3-4 (S.D.N.Y. Nov. 18, 2020) (noting that the Plan is designed to "efficiently manage and to 'reduce the time to disposition in the typical § 1983 cases brought against the NYPD and its officers'" and "[o]ne of its core goals is to encourage a fast and efficient discovery process"). Notably, the Plan contemplates the common categories of discovery that are most relevant to the type of claims raised in this case and provides an expedited schedule for the automatic production of such discovery. Additionally, the Plan encourages early settlement discussions following the exchange of limited discovery by providing a schedule for the exchange of a settlement demand and offer, followed by a requirement that the parties attend a mediation before formal—and costly—discovery commences. The Plan often results in settlement at mediation or shortly thereafter. Importantly, the Plan's provisions intentionally provide for staggered and defined discovery in order to provide the parties time to appropriately assess settlement options, and to limit the accrual of unnecessary litigation expenses which can often be an impediment to resolving Section 1983 matters, which travel with claims for fees and costs under Section 1988.  See Elliot v. City of New York, No. 20 Civ. 702 (NRB), ECF No. 24 (S.D.N.Y. Oct. 2, 2020) (denying plaintiff's application to remove case from the Plan, in part, due to plaintiff's presumed futility of mediation).

Although the required releases were not provided at the same time that plaintiff served defendant City with the Complaint, the undersigned received an executed unsealing release pursuant to N.Y. C.P.L. § 160.50 and an executed HIPAA release pertaining to treatment received by plaintiff at Lenox Hill Hospital on March 21, 2025. Additionally, the undersigned has reached out to plaintiff's counsel, Gideon Orion Oliver, to offer assistance in identifying the appropriate provider for the treatment provided to plaintiff by the ambulance team at the 9th Precinct station house. In an effort to avoid undue delay, defendant City proposes that defendants' deadline to respond to the Complaint be calculated from the date plaintiff provided the substantially-compliant releases, namely from March 21, 2025. Accordingly, per the Plan, defendant City, Zachary Zinaman, Brenden Rogers, and Utsav Desai's responses to the Complaint are due 60 days thereafter, on May 20, 2025. See Loc. Civ. R. 83.10(3).

In light of the foregoing, defendant City respectfully submits that this matter should remain in the Plan.

Respectfully submitted

*/s/ Jonathan Hutchinson*
Jonathan Hutchinson
Senior Counsel

cc: **<u>BY ECF</u>**
Elena Louisa Cohen, Esq.
Remy Green, Esq.
Gideon Orion Oliver, Esq.
*Attorneys for Plaintiff*