UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

DERWIN GONZALEZ,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK; NYPD OFFICER
ZACHARY ZINAMAN (SHIELD NO. 16519);
NYPD OFFICER BRENDEN ROGERS (SHIELD NO. 2146);
NYPD OFFICER UTSAV DESAI, AND NYPD
MEMBER DOES 1-4,

                                        Defendants.

------------------------------------------------------------------------- x

**ANSWER TO THE
COMPLAINT ON BEHALF
OF THE CITY OF NEW
YORK, ZACHERY
ZINAMAN, BRENDEN
ROGERS, AND UTSAV
DESAI**

25 Civ. 1452 (LJL) (OTW)

**JURY TRIAL DEMANDED**

            Defendants City of New York, Zachery Zinaman, Brenden Rogers, and Utsav Desai (collectively, "defendants"), by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, as and for their Answer to the Complaint, respectfully allege as follows:

            1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

            2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit that the City of New York is a municipal corporation duly existing and incorporated under the laws of the State of New York, and that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a full recitation of the relationship between defendant City of New York and the New York City Police Department ("NYPD").

3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that on or about November 22, 2023, Officer Zachery Zinaman was employed by the NYPD, and that plaintiff purports to bring this action against Officer Zachery Zinaman as stated therein.

4.      Deny the allegations set forth in paragraph "4" of the Complaint, except admit that on or about November 22, 2023, Officer Brenden Rogers was employed by the NYPD, and that plaintiff purports to bring this action against Officer Brenden Rogers as stated therein.

5.      Deny the allegations set forth in paragraph "5" of the Complaint, except admit that on or about November 22, 2023, Officer Utsav Desai was employed by the NYPD, and that plaintiff purports to bring this action against Officer Utsav Desai as stated therein.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint as they pertain to purported NYPD Member Does 1-4, except admit that plaintiff purports to bring this action against NYPD Member Does 1-4 as stated therein.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint as they pertain to unidentified defendants, and only admit that Officers Zachery Zinaman, Brenden Rogers, and Utsav Desai were employed by the NYPD on or about November 22, 2023.

8.      Deny the allegations set forth in paragraph "8" of the Complaint and further state that to the extent that paragraph "8" of the Complaint asserts conclusions of law, no response is required.

9.      Deny the allegations set forth in paragraph "9" of the Complaint and further state that to the extent that paragraph "9" of the Complaint asserts conclusions of law, no response is required.

10.     Paragraph "10" of the Complaint sets forth conclusions of law to which no response is required.

11.     Deny the allegations set forth in paragraph "11" of the Complaint.

12.     Deny the allegations set forth in paragraph "12" of the Complaint and further state that to the extent that paragraph "12" of the Complaint asserts conclusions of law, no response is required.

13.     Deny the allegations set forth in paragraph "13" of the Complaint.

14.     Denies the allegations set forth in paragraph "14" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

15.     Deny the allegations set forth in paragraph "15" of the Complaint, except admit only that plaintiff purports to bring this action and to invoke the Court's jurisdiction as stated therein.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit only that plaintiff purports to bring this action as stated therein.

17.     Paragraph "17" of the Complaint asserts legal conclusions to which no response is required.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit only that plaintiff purports to base venue in this district as stated therein.

19.     Deny the allegations set forth in paragraph "19" of the Complaint, except admit only that, upon information and belief, plaintiff served what purported to be a Notice of Claim on or about February 20, 2024 and that, upon information and belief, plaintiff submitted to a 50H hearing on June 11, 2024.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, except admit only that plaintiff commenced the instant action on or about February 20, 2025.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint, except admit only that plaintiff was present in the front of 338 East 5th Street, between First Avenue and Second Avenue, New York, NY on November 22, 2023.

23.     Deny the allegations set forth in paragraph "23" of the Complaint, except admit only that plaintiff was present in the vicinity of the front of 338 East 5th Street on November 22, 2023.

24.     Deny the allegations set forth in paragraph "24" of the Complaint, except admit only that defendants Zinaman and Rogers were present in the front of 338 East 5th Street on November 22, 2023.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint, except admit that defendant Rogers took hold of plaintiff's arms and clothing with his hands while lawfully placing him under arrest.

29.     Deny the allegations set forth in paragraph "29" of the Complaint, except admit that defendant Rogers assisted in plaintiff's lawful apprehension on November 22, 2023.

30.    Deny the allegations set forth in paragraph "30" of the Complaint, except admit that officers attempted to lawfully arrest plaintiff, plaintiff resisted arrest, and during that time, defendant Zinaman deployed a taser against plaintiff.

31.    Deny the allegations set forth in paragraph "31" of the Complaint.

32.    Deny the allegations set forth in paragraph "32" of the Complaint.

33.    Deny the allegations set forth in paragraph "33" of the Complaint.

34.    Deny the allegations set forth in paragraph "34" of the Complaint.

35.    Deny the allegations set forth in paragraph "35" of the Complaint.

36.    Deny the allegations set forth in paragraph "36" of the Complaint, except admit only that plaintiff was placed in handcuffs after he was lawfully arrested on November 22, 2023.

37.    Deny the allegations set forth in paragraph "37" of the Complaint.

38.    Deny the allegations set forth in paragraph "38" of the Complaint.

39.    Deny the allegations set forth in paragraph "39" of the Complaint.

40.    Deny the allegations set forth in paragraph "40" of the Complaint.

41.    Deny the allegations set forth in paragraph "41" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's state of mind.

42.    Deny the allegations set forth in paragraph "42" of the Complaint.

43.    Deny the allegations set forth in paragraph "43" of the Complaint, except admit that defendant Desai was the deponent in the criminal court complaint drafted for charges brought against plaintiff in connection to plaintiff's November 22, 2023 arrest.

44.    Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Complaint, except admit that felony counts filed under docket number CR-033703-23NY were dismissed on March 19, 2024 and misdemeanor counts filed under docket number CR-033703-23NY were dismissed on June 5, 2024.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     In response to paragraph "51" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint and further state that to the extent that paragraph "54" of the Complaint asserts conclusions of law, no response is required.

55.     In response to paragraph "55" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Complaint and further state that to the extent that paragraph "59" of the Complaint asserts conclusions of law, no response is required.

60.     Deny the allegations set forth in paragraph "60" of the Complaint and further state that to the extent that paragraph "60" of the Complaint asserts conclusions of law, no response is required.

61.     In response to paragraph "61" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

62.     Deny the allegations set forth in paragraph "62" of the Complaint and further state that to the extent that paragraph "62" of the Complaint asserts conclusions of law, no response is required.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Complaint and further state that to the extent that paragraph "64" of the Complaint asserts conclusions of law, no response is required.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Deny the allegations set forth in paragraphs "71" of the Complaint and all of its subparts, and further state that to the extent that paragraph "71" of the Complaint asserts conclusions of law, no response is required.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint and further state that to the extent that paragraph "73" of the Complaint asserts conclusions of law, no response is required.

74.     Paragraph "74" asserts conclusions of law to which no response is required.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     In response to paragraph "78" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

79.     Deny the allegations set forth in paragraph "79" of the Complaint and further state that to the extent that paragraph "79" of the Complaint asserts conclusions of law, no response is required.

80.     Deny the allegations set forth in paragraph "80" of the Complaint and further state that to the extent that paragraph "80" of the Complaint asserts conclusions of law, no response is required.

81.     Deny the allegations set forth in paragraph "81" of the Complaint and further state that to the extent that paragraph "81" of the Complaint asserts conclusions of law, no response is required.

82.     Deny the allegations set forth in paragraph "82" of the Complaint and further state that to the extent that paragraph "82" of the Complaint asserts conclusions of law, no response is required.

83.     Deny the allegations set forth in paragraph "83" of the Complaint, except to the extent paragraph "83" asserts conclusions of law, no response is required.

84.     Deny the allegations set forth in paragraph "84" of the Complaint and further state that to the extent that paragraph "84" of the Complaint asserts conclusions of law, no response is required.

85.     Deny the allegations set forth in paragraph "85" of the Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Complaint.

90.     Deny the allegations set forth in paragraphs "90" of the Complaint and all of its subparts,  and further state that to the extent that paragraph "80" of the Complaint asserts conclusions of law, no response is required.

91.     Deny the allegations set forth in paragraph "91" of the Complaint.

92.     Deny the allegations set forth in paragraph "92" of the Complaint and all of its subparts, except respectfully refer the Court to the cited cases, reports, and articles for complete and accurate recitations of their contents.

93.     Deny the allegations set forth in paragraph "93" of the Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Complaint.

95.    In response to paragraph "95" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

96.    State that the allegations set forth in paragraph "97" of the Complaint and all of its subparts are conclusions of law, not statements of fact, which do not require a response and respectfully refer the Court to the cited statute of a complete and accurate recitation of its contents.

97.    State that the allegations set forth in paragraph "97" of the Complaint are conclusions of law, not statements of fact, which do not require a response and respectfully refer the Court to the cited statute of a complete and accurate recitation of its contents.

98.    State that the allegations set forth in paragraph "98" of the Complaint are conclusions of law, not statements of fact, which do not require a response and respectfully refer the Court to the cited statute of a complete and accurate recitation of its contents.

99.    Deny the allegations set forth in paragraph "99" of the Complaint.

100.    Deny the allegations set forth in paragraph "102" of the Complaint and further state that to the extent that paragraph "102" of the Complaint asserts conclusions of law, no response is required.

101.    Deny the allegations set forth in paragraph "103" of the Complaint, except admit that plaintiff purports to seek the relief as stated therein.

102.    State that the allegations set forth in paragraph "104" of the Complaint is a demand for a jury trial which does not require a response.

## AS TO THE FIRST DEFENSE/AFFIRMATIVE DEFENSE:

103.    The Complaint fails to state a claim upon which relief can be granted.

**AS TO THE SECOND DEFENSE/AFFIRMATIVE DEFENSE:**

104.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants the City of New York, Zachery Zinaman, Brenden Rogers, or Utsav Desai.

**AS TO THE THIRD DEFENSE/AFFIRMATIVE DEFENSE:**

105.    Plaintiff provoked any incident.

**AS TO THE FOURTH DEFENSE/AFFIRMATIVE DEFENSE:**

106.    There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search because, *inter alia*, plaintiff intentionally interfered with defendant Zinaman's lawful exercise of police power to investigate crime by putting his face within inches of defendant Zinaman's face, refusing to move away from defendant Zinaman, and striking defendant Zinaman's hand, while defendant Zinaman was investigating a reported crime.

**AS TO THE FIFTH DEFENSE/AFFIRMATIVE DEFENSE:**

107.    Defendants the City of New York, Zachery Zinaman, Brenden Rogers, and Utsav Desai have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**AS TO THE SIXTH DEFENSE/AFFIRMATIVE DEFENSE:**

108.    Defendants Zachery Zinaman, Brenden Rogers, and Utsav Desai have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**AS TO THE SEVENTH DEFENSE/AFFIRMATIVE DEFENSE:**

109.    At all times relevant to the acts alleged in the Complaint, defendants Zachery Zinaman, Brenden Rogers, and Utsav Desai acted reasonably in the proper and lawful exercise of their discretion.

**AS TO THE EIGHTH DEFENSE/AFFIRMATIVE DEFENSE:**

110.    Punitive damages cannot be assessed against defendant the City of New York.

**AS TO THE NINTH DEFENSE/AFFIRMATIVE DEFENSE:**

111.    Plaintiff may have failed to mitigate his alleged damages.

**AS TO THE TENTH DEFENSE/AFFIRMATIVE DEFENSE:**

112.    Any force used upon plaintiff was reasonable under the circumstances.

**AS TO THE ELEVENTH DEFENSE/AFFIRMATIVE DEFENSE:**

113.    Plaintiff has failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**AS TO THE TWELFTH DEFENSE/AFFIRMATIVE DEFENSE:**

114.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

**AS TO THE THIRTEENTH DEFENSE/AFFIRMATIVE DEFENSE:**

115.    Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

**WHEREFORE,** defendants City of New York, Zachery Zinaman, Brenden Rogers, and Utsav Desai request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            May 20, 2025


                                        MURIEL GOODE-TRUFANT
                                        Corporation Counsel of the City of New York
                                        *Attorney for defendants City of New York, Zachery Zinaman, Brenden Rogers, and Utsav Desai*
                                        100 Church Street, Room 3-173A
                                        New York, NY 10007
                                        T: (212) 356-2410
                                        E: jhutchin@law.nyc.gov


                            By:         *s/ Jonathan Hutchinson*

                                        Jonathan Hutchinson
                                        *Senior Counsel*
                                        Special Federal Litigation Division


cc:      **BY ECF**
         Gideon Oliver, Esq.
         *Attorneys for Plaintiff*


13