UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DERWIN GONZALEZ,

                                              Plaintiff,

                        -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT ("NYPD") OFFICER
ZACHARY ZINAMAN (SHIELD NO. 16519); NYPD
OFFICER BRENDEN ROGERS (SHIELD NO. 2146);
NYPD OFFICER UTSAV DESAI; NYPD SERGEANT
GUSTAVO PAUL (NYPD TAX REGISTRATION NO.
956155); AND NYPD OFFICER EUGENE ADELEYE
(SHIELD NO. 1364),

                                              Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE FIRST
AMENDED COMPLAINT ON
BEHALF OF THE CITY OF
NEW YORK, ZACHERY
ZINAMAN, BRENDEN
ROGERS, AND UTSAV
DESAI**

25 Civ. 1452 (LJL) (OTW)

**<u>JURY TRIAL DEMANDED</u>**

        Defendants City of New York, Zachery Zinaman, Brenden Rogers, and Utsav Desai

(collectively, "defendants"), by their attorney, Muriel Goode-Trufant, Corporation Counsel of the

City of New York, as and for their Answer to the First Amended Complaint, respectfully allege as

follows:

        1.        Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "1" of the First Amended Complaint.

        2.        Deny the allegations set forth in paragraph "2" of the First Amended

Complaint, except admit that the City of New York is a municipal corporation duly existing and

incorporated under the laws of the State of New York, and that the City of New York maintains a

police department, and respectfully refer the Court to the New York City Charter and

Administrative Code for a full recitation of the relationship between defendant City of New York

and the New York City Police Department ("NYPD").

1

3.      Deny the allegations set forth in paragraph "3" of the First Amended Complaint, except admit that on or about November 22, 2023, Officer Zachery Zinaman was employed by the NYPD, and that plaintiff purports to bring this action against Officer Zachery Zinaman as stated therein.

4.      Deny the allegations set forth in paragraph "4" of the First Amended Complaint, except admit that on or about November 22, 2023, Officer Brenden Rogers was employed by the NYPD, and that plaintiff purports to bring this action against Officer Brenden Rogers as stated therein.

5.      Deny the allegations set forth in paragraph "5" of the First Amended Complaint, except admit that on or about November 22, 2023, Officer Utsav Desai was employed by the NYPD, and that plaintiff purports to bring this action against Officer Utsav Desai as stated therein.

6.      Deny the allegations set forth in paragraph "6" of the First Amended Complaint, except admit that on or about November 22, 2023, Sergeant Gustavo Paul was employed by the NYPD, and that plaintiff purports to bring this action against Sergeant Gustavo Paul as stated therein.

7.      Deny the allegations set forth in paragraph "7" of the First Amended Complaint, except admit that on or about November 22, 2023, Officer Eugene Adeleye was employed by the NYPD, and that plaintiff purports to bring this action against Officer Eugene Adeleye as stated therein.

8.      Deny the allegations set forth in paragraph "8" of the First Amended Complaint, and only admit that Officers Zachery Zinaman, Brenden Rogers, Utsav Desai, Gustavo Paul, and Eugene Adeleye were employed by the NYPD on or about November 22, 2023.

9.      Deny the allegations set forth in paragraph "9" of the First Amended Complaint and further state that to the extent that paragraph "9" of the First Amended Complaint asserts conclusions of law, no response is required.

10.     Paragraph "10" of the First Amended Complaint sets forth conclusions of law to which no response is required.

11.     Paragraph "11" of the First Amended Complaint sets forth conclusions of law to which no response is required.

12.     Deny the allegations set forth in paragraph "12" of the First Amended Complaint and further state that to the extent that paragraph "12" of the First Amended Complaint asserts conclusions of law, no response is required.

13.     Deny the allegations set forth in paragraph "13" of the First Amended Complaint and further state that to the extent that paragraph "13" of the First Amended Complaint asserts conclusions of law, no response is required.

14.     Deny the allegations set forth in paragraph "14" of the First Amended Complaint.

15.     Denies the allegations set forth in paragraph "15" of the First Amended Complaint, except admit that plaintiff purports to bring this action as stated therein.

16.     Deny the allegations set forth in paragraph "16" of the First Amended Complaint, except admit only that plaintiff purports to bring this action and to invoke the Court's jurisdiction as stated therein.

17.     Deny the allegations set forth in paragraph "17" of the First Amended Complaint, except admit only that plaintiff purports to bring this action as stated therein.

18.     Paragraph "18" of the First Amended Complaint asserts legal conclusions to which no response is required.

19.     Deny the allegations set forth in paragraph "19" of the First Amended Complaint, except admit only that plaintiff purports to base venue in this district as stated therein.

20.     Deny the allegations set forth in paragraph "20" of the First Amended Complaint, except admit only that, upon information and belief, plaintiff served what purported to be a Notice of Claim on or about February 20, 2024 and that, upon information and belief, plaintiff submitted to a 50-h hearing on June 11, 2024.

21.     Deny the allegations set forth in paragraph "21" of the First Amended Complaint, except admit only that plaintiff commenced the instant action on or about February 20, 2025.

22.     Deny the allegations set forth in paragraph "22" of the First Amended Complaint, except admit only that members of the NYPD were present in the vicinity of First Avenue and East Ninth Street in Manhattan on November 22, 2023.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the First Amended Complaint.

24.     Deny the allegations set forth in paragraph "24" of the First Amended Complaint, except admit only that members of the NYPD lawfully arrested at least one individual in the vicinity of First Avenue and East Ninth Street on November 22, 2023.

25.     Deny the allegations set forth in paragraph "25" of the First Amended Complaint, except admit only that defendant Brenden Rogers lawfully arrested an individual in the vicinity of First Avenue and East 9th Street on November 22, 2023.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the First Amended Complaint, except admit only that plaintiff was present in the front of 338 East 5th Street, between First Avenue and Second Avenue in Manhattan, on November 22, 2023.

27.     Deny the allegations set forth in paragraph "27" of the First Amended Complaint, except admit only that defendants Zinaman, Rogers, and Adeleye were present in the front of 338 East 5th Street on November 22, 2023.

28.     Deny the allegations set forth in paragraph "28" of the First Amended Complaint, except admit only that defendants Desai and Paul were present at 338 East 5th Street on November 22, 2023.

29.     Deny the allegations set forth in paragraph "29" of the First Amended Complaint, except admit only that plaintiff and another individual were present in the front of 338 East 5th Street, between First Avenue and Second Avenue in Manhattan, on November 22, 2023.

30.     Admit the allegations set forth in paragraph "30" of the First Amended Complaint.

31.     Admit the allegations set forth in paragraph "31" of the First Amended Complaint.

32.     Deny the allegations set forth in paragraph "32" of the First Amended Complaint.

33.     Deny the allegations set forth in paragraph "33" of the First Amended Complaint.

34.     Deny the allegations set forth in paragraph "34" of the First Amended Complaint.

35.     Deny the allegations set forth in paragraph "35" of the First Amended Complaint.

36.     Deny the allegations set forth in paragraph "36" of the First Amended Complaint.

37.     Deny the allegations set forth in paragraph "37" of the First Amended Complaint.

38.     Deny the allegations set forth in paragraph "38" of the First Amended Complaint.

39.     Deny the allegations set forth in paragraph "39" of the First Amended Complaint, except admit only that officers attempted to lawfully arrest plaintiff, plaintiff resisted arrest, and during that time, defendant Zinaman deployed a taser against plaintiff.

40.     Deny the allegations set forth in paragraph "40" of the First Amended Complaint, except admit only that officers attempted to lawfully arrest plaintiff, plaintiff resisted arrest, and during that time, defendant Zinaman deployed a taser against plaintiff.

41.     Deny the allegations set forth in paragraph "41" of the First Amended Complaint.

42.     Deny the allegations set forth in paragraph "42" of the First Amended Complaint.

43.     Deny the allegations set forth in paragraph "43" of the First Amended Complaint, except admit only that plaintiff was lawfully arrested in the vicinity of 338 East Fifth Street.

44.     Deny the allegations set forth in paragraph "44" of the First Amended Complaint, except admit only that plaintiff was lawfully arrested in the vicinity of 338 East Fifth Street.

45.     Deny the allegations set forth in paragraph "45" of the First Amended Complaint.

46.     Deny the allegations set forth in paragraph "46" of the First Amended Complaint.

47.     Deny the allegations set forth in paragraph "47" of the First Amended Complaint, except admit that plaintiff was transported to the 9th Precinct station house for arrest processing.

48.     Deny the allegations set forth in paragraph "48" of the First Amended Complaint, except admit only that defendant Adeleye was present in the vicinity of the front of 338 East 5th Street on November 22, 2023.

49.     Deny the allegations set forth in paragraph "49" of the First Amended Complaint.

50.     Admit the allegations set forth in paragraph "50" of the First Amended Complaint.

51.     Deny the allegations set forth in paragraph "51" of the First Amended Complaint.

52.     Deny the allegations set forth in paragraph "52" of the First Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the First Amended Complaint pertaining to plaintiff's state of mind.

53.     Deny the allegations set forth in paragraph "53" of the First Amended Complaint.

54.     Deny the allegations set forth in paragraph "54" of the First Amended Complaint, except admit that defendant Desai was the deponent in the criminal court complaint drafted for charges brought against plaintiff in connection with plaintiff's November 22, 2023 arrest.

55.     Deny the allegations set forth in paragraph "55" of the First Amended Complaint, except admit only that AIDED reports were prepared for defendants Zinaman and Rogers.

56.     Deny the allegations set forth in paragraph "56" of the First Amended Complaint, except admit only that a Threat, Resistance, and Injury report was prepared in connection with the lawful arrest of plaintiff on November 22, 2023.

57.     Deny the allegations set forth in paragraph "57" of the First Amended Complaint.

58.     Deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the First Amended Complaint, except admit that plaintiff was arraigned in New York County Criminal Court on November 23, 2023.

59.     Deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the First Amended Complaint.

60.     Deny the allegations set forth in paragraph "60" of the First Amended Complaint, except admit that felony counts filed under docket number CR-033703-23NY were dismissed on March 19, 2024.

61.    Deny the allegations set forth in paragraph "60" of the First Amended Complaint, except admit that misdemeanor counts filed under docket number CR-033703-23NY were dismissed on June 5, 2024.

62.    In response to paragraph "62" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

63.    Deny the allegations set forth in paragraph "63" of the First Amended Complaint.

64.    Deny the allegations set forth in paragraph "64" of the First Amended Complaint.

65.    Deny the allegations set forth in paragraph "65" of the First Amended Complaint.

66.    Deny the allegations set forth in paragraph "66" of the First Amended Complaint and further state that to the extent that paragraph "66" of the First Amended Complaint asserts conclusions of law, no response is required.

67.    In response to paragraph "67" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

68.    Deny the allegations set forth in paragraph "68" of the First Amended Complaint.

69.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the First Amended Complaint.

70.     Deny the allegations set forth in paragraph "70" of the First Amended Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the First Amended Complaint.

72.     Deny the allegations set forth in paragraph "72" of the First Amended Complaint.

73.     Deny the allegations set forth in paragraph "73" of the First Amended Complaint.

74.     Deny the allegations set forth in paragraph "74" of the First Amended Complaint and further state that to the extent that paragraph "74" of the First Amended Complaint asserts conclusions of law, no response is required.

75.     In response to paragraph "75" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

76.     Deny the allegations set forth in paragraph "76" of the First Amended Complaint and further state that to the extent that paragraph "76" of the First Amended Complaint asserts conclusions of law, no response is required.

77.     Deny the allegations set forth in paragraph "77" of the First Amended Complaint.

78.     Deny the allegations set forth in paragraph "78" of the First Amended Complaint.

79.     Deny the allegations set forth in paragraph "79" of the First Amended Complaint.

80.     Deny the allegations set forth in paragraph "80" of the First Amended Complaint.

81.     Deny the allegations set forth in paragraph "81" of the First Amended Complaint.

82.     Deny the allegations set forth in paragraph "82" and all of its subparts of the First Amended Complaint and all of its subparts.

83.     Deny the allegations set forth in paragraph "83" of the First Amended Complaint.

84.     Deny the allegations set forth in paragraph "84" of the First Amended Complaint.

85.     Deny the allegations set forth in paragraph "85" of the First Amended Complaint and further state that to the extent that paragraph "85" of the First Amended Complaint asserts conclusions of law, no response is required.

86.     In response to paragraph "86" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

87.     Deny the allegations set forth in paragraph "87" of the First Amended Complaint and further state that to the extent that paragraph "87" of the First Amended Complaint asserts conclusions of law, no response is required.

88.     Deny the allegations set forth in paragraph "88" of the First Amended Complaint.

89.     Deny the allegations set forth in paragraph "89" of the First Amended Complaint and further state that to the extent that paragraph "89" of the First Amended Complaint asserts conclusions of law, no response is required.

90.     In response to paragraph "90" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

91.     Deny the allegations set forth in paragraph "91" of the First Amended Complaint.

92.     Deny the allegations set forth in paragraph "92" of the First Amended Complaint.

93.     Deny the allegations set forth in paragraph "93" of the First Amended Complaint.

94.     Deny the allegations set forth in paragraph "94" of the First Amended Complaint.

95.     Deny the allegations set forth in paragraph "95" of the First Amended Complaint, except admit only that the charges filed under docket number CR-033703-23NY were ultimately dismissed.

96.     Paragraph "96" of the First Amended Complaint asserts conclusions of law to which no response is required.

97.     Deny the allegations set forth in paragraph "97" of the First Amended Complaint.

98.    Deny the allegations set forth in paragraph "98" of the First Amended Complaint and further state that to the extent that paragraph "98" of the First Amended Complaint asserts conclusions of law, no response is required.

99.    In response to paragraph "99" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

100.    Deny the allegations set forth in paragraph "100" of the First Amended Complaint.

101.    Deny the allegations set forth in paragraph "101" of the First Amended Complaint.

102.    Deny the allegations set forth in paragraph "102" of the First Amended Complaint and further state that to the extent that paragraph "102" of the First Amended Complaint asserts conclusions of law, no response is required.

103.    In response to paragraph "103" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

104.    Deny the allegations set forth in paragraph "104" of the First Amended Complaint and further state that to the extent that paragraph "104" of the First Amended Complaint asserts conclusions of law, no response is required.

105.    Deny the allegations set forth in paragraph "105" of the First Amended Complaint and further state that to the extent that paragraph "105" of the First Amended Complaint asserts conclusions of law, no response is required.

106.     Deny the allegations set forth in paragraph "106" of the First Amended Complaint and further state that to the extent that paragraph "106" of the First Amended Complaint asserts conclusions of law, no response is required.

107.     Deny the allegations set forth in paragraph "107" of the First Amended Complaint.

108.     Deny the allegations set forth in paragraph "108" of the First Amended Complaint.

109.     Deny the allegations set forth in paragraph "109" of the First Amended Complaint.

110.     Deny the allegations set forth in paragraph "110" of the First Amended Complaint.

111.     Deny the allegations set forth in paragraph "111" of the First Amended Complaint.

112.     Deny the allegations set forth in paragraph "112" of the First Amended Complaint.

113.     Deny the allegations set forth in paragraph "113" of the First Amended Complaint, except admit that the charges filed under docket number CR-033703-23NY were ultimately dismissed.

114.     Deny the allegations set forth in paragraph "114" of the First Amended Complaint and further state that to the extent that paragraph "114" of the First Amended Complaint asserts conclusions of law, no response is required.

115.    Deny the allegations set forth in paragraph "115" of the First Amended Complaint and further state that to the extent that paragraph "115" of the First Amended Complaint asserts conclusions of law, no response is required.

116.    In response to paragraph "116" of the First Amended Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

117.    Deny the allegations set forth in paragraph "117" of the First Amended Complaint and further state that to the extent that paragraph "117" of the First Amended Complaint asserts conclusions of law, no response is required.

118.    Paragraph "118" of the First Amended Complaint, including its subparts, asserts conclusions of law to which no response is required.

119.    Paragraph "119" of the First Amended Complaint asserts conclusions of law to which no response is required.

120.    Paragraph "120" of the First Amended Complaint asserts conclusions of law to which no response is required.

121.    Deny the allegations set forth in paragraph "121" of the First Amended Complaint and further state that to the extent that paragraph "121" of the First Amended Complaint asserts conclusions of law, no response is required.

122.    Paragraph "122" of the First Amended Complaint asserts conclusions of law to which no response is required.

123.    Deny the allegations set forth in paragraph "123" of the First Amended Complaint and further state that to the extent that paragraph "123" of the First Amended Complaint asserts conclusions of law, no response is required.

124.    Deny the allegations set forth in paragraph "124" of the First Amended Complaint.

125.    Deny the allegations set forth in paragraph "125" of the First Amended Complaint and further state that to the extent that paragraph "125" of the First Amended Complaint asserts conclusions of law, no response is required.

126.    State that the allegations set forth in paragraph "126" of the First Amended Complaint is a demand for a jury trial which does not require a response.

### AS TO THE FIRST DEFENSE/AFFIRMATIVE DEFENSE:

127.    The First Amended Complaint fails to state a claim upon which relief can be granted.

### AS TO THE SECOND DEFENSE/AFFIRMATIVE DEFENSE:

128.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants the City of New York, Zachery Zinaman, Brenden Rogers, or Utsav Desai.

### AS TO THE THIRD DEFENSE/AFFIRMATIVE DEFENSE:

129.    Plaintiff provoked any incident.

### AS TO THE FOURTH DEFENSE/AFFIRMATIVE DEFENSE:

130.    There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search because, *inter alia*, plaintiff intentionally interfered with defendant Zinaman's lawful exercise of police power to investigate crime by putting his face within inches of defendant Zinaman's face, refusing to move away from defendant Zinaman, and striking defendant Zinaman's hand, while defendant Zinaman was investigating a reported crime.

## AS TO THE FIFTH DEFENSE/AFFIRMATIVE DEFENSE:

131.    There was probable cause for plaintiff's arrest, detention, and prosecution because, *inter alia*, plaintiff intentionally interfered with defendant Zinaman's lawful exercise of police power to investigate crime by putting his face within inches of defendant Zinaman's face, refusing to move away from defendant Zinaman, and striking defendant Zinaman's hand, while defendant Zinaman was investigating a reported crime.

## AS TO THE SIXTH DEFENSE/AFFIRMATIVE DEFENSE:

132.    Defendants the City of New York, Zachery Zinaman, Brenden Rogers, and Utsav Desai have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS TO THE SEVENTH DEFENSE/AFFIRMATIVE DEFENSE:

133.    Defendants Zachery Zinaman, Brenden Rogers, and Utsav Desai have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## AS TO THE EIGHTH DEFENSE/AFFIRMATIVE DEFENSE:

134.    At all times relevant to the acts alleged in the First Amended Complaint, defendants Zachery Zinaman, Brenden Rogers, and Utsav Desai acted reasonably in the proper and lawful exercise of their discretion.

## AS TO THE NINTH DEFENSE/AFFIRMATIVE DEFENSE:

135.    Punitive damages cannot be assessed against defendant the City of New York.

## AS TO THE TENTH DEFENSE/AFFIRMATIVE DEFENSE:

136.    Plaintiff may have failed to mitigate his alleged damages.

**AS TO THE ELEVENTH DEFENSE/AFFIRMATIVE DEFENSE:**

137.     Any force used upon plaintiff was reasonable under the circumstances.

**AS TO THE TWELFTH DEFENSE/AFFIRMATIVE DEFENSE:**

138.     Plaintiff has failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**AS TO THE THIRTEENTH DEFENSE/AFFIRMATIVE DEFENSE:**

139.     At all times relevant to the acts alleged in the First Amended Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

**AS TO THE FOURTEENTH DEFENSE/AFFIRMATIVE DEFENSE:**

140.     Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq.*

**WHEREFORE,** defendants City of New York, Zachery Zinaman, Brenden Rogers, and Utsav Desai request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           August 1, 2025

                    MURIEL GOODE-TRUFANT
                    Corporation Counsel of the City of New York
                    *Attorney for defendants City of New York, Zachery*
                    *Zinaman, Brenden Rogers, and Utsav Desai*
                    100 Church Street, Room 3-173A
                    New York, NY 10007
                    T: (212) 356-2410
                    E: jhutchin@law.nyc.gov

By:     s/ *Jonathan Hutchinson*

Jonathan Hutchinson
*Senior Counsel*
Special Federal Litigation Division

cc:     **BY ECF**
Gideon Oliver, Esq.
*Attorney for Plaintiff*