**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

Office: (718) 783-3682
Signal: (646) 263-3495
Fax: (646) 349-2914*

*Not for service*

September 24, 2025

**BY ECF**
Hon. Lewis J. Liman, United States District Judge
United States District Court, Southern District of New York

    Re:    <u>Derwin Gonzalez v. City of New York, et al.</u>, 25 CV 1452 (LJL)(OTW)

Your Honor:

    I am co-counsel for Plaintiff Derwin Gonzalez. I write to request that the Court enter a protective order in the case pursuant to Fed.R.Civ.P. 26(c) and §§ 2(G) and 4(C) of the Court's Individual Practices in Civil Cases, based on the Court's Model Protective Order, with one alteration. Exhibit 1 is Plaintiff's proposed Protective Order. Exhibit 2 is a redlined version showing the difference between it and the Court's model. In short, Plaintiff asks that the Court modify the requirement in ¶ 18 of the Court's Model Protective Order (and the corresponding language of the Non-Disclosure Agreement) to provide for the parties to retain confidential materials after the end of the litigation, subject to the Protective Order in perpetuity. Plaintiff's proposed modification is based on ¶ 10 of Magistrate Judge Wang's model Stipulation and Proposed Protective Order, a copy of which is attached as Exhibit 3, which provides that, at the conclusion of the litigation, "the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected" under the protective order.

    By way of background, on February 25, 2025, the Court designated the case for inclusion in the so-called "1983 Plan" in Local Civil Rule 83.10, by operation of which the 1983 Plan Protective Order was then in place. Following briefing from the parties, on April 29, 2025, the Court removed the case from the 1983 Plan. *See* ECF 10-14. In responding to Defendants' discovery demands, on July 28, 2025, Plaintiff asked Defendants if Defendants would treat Plaintiff's medical records as "Confidential" as if the 1983 Plan Protective Order were still in place, even though there was then no operative protective order. On July 31, 2025, defense counsel responded that Defendants were "working on a proposed confidentiality stipulation." On September 2, 2025, Defendants forwarded a proposal, which was not based on the Court's Model Protective Order, and which contained, on Plaintiff's view, a litany of offensive provisions – including proposals to include language automatically designating categories of records that are presumptively public under New York law, such as law enforcement disciplinary records, as confidential. On September 4, 2025, I responded, saying Plaintiff meant to make an application for the Court to enter the Court's Model Protective Order in this case, and asking to meet and confer. The parties did so on the phone on September 10, 2025. After we discussed some of Plaintiff's concerns, including about the law enforcement disciplinary records issue, I said Plaintiff intended to make this application. Defendants promised to look at the Court's Model Protective Order and suggest proposed modifications. On September 11, 2025, Defendants did so. A true copy of their proposal is attached as Exhibit 4. It includes the same provisions Plaintiff had previously

objected to that would automatically treat as broad swaths of records that are presumptively public under New York law as confidential. Plaintiff informed Defendants those amendments were unacceptable and that Plaintiff would make this application in light of our impasse.

Plaintiff now therefore asks that the Court enter the Court's Model Protective Order with Plaintiff's sole proposed modification, which would allow counsel to retain counsel's work copies of the litigation record, including Confidential materials, subject to the confidentiality requirements of the Protective Order. In this connection, "[i]t is common … for protective orders to allow counsel of record to retain a full copy of the litigation record." There is "no risk of improper use or disclosure of even highly confidential documents by counsel of record during or after the litigation ends" where the protective order in question remains operative after the conclusion of the litigation. *Vmedex, Inc. v TDS Operating, Inc.*, 2021 US Dist LEXIS 198043, at \*6 (D Del Oct. 14, 2021, Civil Action No. 18-1662-MN). In fact, the 1983 Plan Protective Order – which governs the majority of the police misconduct litigation in this District - does not require the destruction or return of *any* confidential materials. *See* Local Civil Rule 83.10, 1983 Plan Protective Order, ¶¶ 10-11.

Complying with a protective order that requires destroying or returning confidential documents at the conclusion of the litigation, including such materials maintained electronically, would create real burdens for parties on both sides. This matter is unlike cases where there are only physical copies of confidential materials that may be – as the Model Order contemplates – "return[ed]." For example, parties will no doubt be storing confidential materials on cloud storage platforms and sending e-mails containing information derived from confidential materials and/or with confidential materials attached. As a result, multiple copies of confidential materials and/or materials derived from them will inevitably exist - in cloud storage, on individual attorneys' and legal workers' computers, and in other non-physical locations. While destruction of all documents tagged confidential in a large-scale litigation management tool like Relatively is simple, we do not have access to that type of platform. Here, destruction would be meaningfully burdensome, requiring all parties to scour e-mail inboxes and other virtual locations for where things were produced, exchanged, discussed, and the like. Moreover, it would likely require destruction – and would certainly require review – of non-confidential materials, like transmission e-mails, follow-up discussions in the same threads, and the like.

Destruction of part of the litigation record raises other concerns, including ethical ones. For example, the New York State Bar Association has opined that a lawyer should generally maintain "materials gathered in discovery" at least until they can no longer be useful to the client in asserting or defending against potential claims as to which the applicable limitations has not yet expired. *See* New York State Bar Association Ethics Opinion 1192 ¶ 12, available online at https://nysba.org/ethics-opinion-1192/ (last accessed September 24, 2025). Past that, "[c]ommon sense must be used given an attorney's area practice with a view toward exceeding by a significant margin the statute of limitations for legal malpractice or other claims that may be made against an attorney arising out of the representation of a client." Rice, Marian C. *Tackling the Closed File Beast*, New York State Bar Association, May 27, 2021, available online at https://nysba.org/tackling-the-closed-file-

beast/ (last accessed September 24, 2025). Additionally, with respect to files maintained by Defendant City, §1133(b) and Chapter 72 of the New York City Charter generally prohibit the destruction or other disposal of City records outside of the parameters set in the relevant Records Disposition Schedule. It is not clear, therefore, what authority the Law Department attorneys would have for destroying or otherwise disposing of confidential materials it gathered in litigation in keeping with those requirements.

Past that, there are other good reasons that destruction of confidential documents might be inappropriate. For example, some courts have recognized value in "allow[ing] Plaintiff's counsel to refer to a confidential document in a future case if its existence is denied." *Mulligan v Provident Life & Acc. Ins. Co.*, 271 FRD 584, 594-595 (ED Tenn 2011). And, indeed that has happened in prior litigation against the Law Department. Here too, Plaintiff's counsel wants to be able to at least notify counsel in other cases if they are denying the existence of a document that Plaintiff's counsel knows exists because of prior litigation. And, under some circumstances, it is appropriate to use a document designated as confidential in one case, in subsequent litigation. For example, the parties used confidential documents in *In re New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 (CM)(GWG) from past litigation over similar policing, re-produced in that case with a confidentiality designation, by agreement.

Finally, after New York's simultaneous repeal of Civil Rights Law § 50-a and enactment of sweeping revisions to the Freedom of Information Law ("FOIL") in 2020, *see* S.B. 8496, 243rd Leg., Reg. Sess. (N.Y. 2020); N.Y. Pub. Off. L. §§ 86(6) through 86(9); 87(4-a); 87(4-b); 89(2-b); and 89(2-c), all "law enforcement disciplinary records" within the meaning of FOIL § 86(6), including records of "law enforcement disciplinary proceeding[s]" within the meaning of FOIL § 86(7), are now presumptively subject to disclosure under FOIL. *See* N.Y. Pub. Off. L §§ 86(6), 86(7); *Matter of NYP Holdings, Inc. v NY City Police Dept.*, 43 NY3d 357 (2025); *New York Civil Liberties Union v. City of Rochester*, 210 AD3d 1400 (4th Dept. 2022), *aff'd*, 43 NY3d 543 (2025); *New York Civil Liberties Union v. New York City Dep't of Correction*, 213 AD3d 530 (1st Dept. 2023), *leave denied*, 40 NY3d 909 (2024); *Matter of Newsday, LLC v Nassau County Police Dept.*, 222 AD3d 85, 87 (2nd Dept. 2023); *New York Civil Liberties Union v. City of Syracuse*, 210 AD3d 1401 (4th Dept. 2022). Plaintiff therefore strongly objects to Defendants' proposal to automatically designate such records as confidential under a protective order. *See, e.g., Capellan v City of NY*, 2021 US Dist. LEXIS 269981, at *1-10 (EDNY Jan. 7, 2021); *Walls v. City of New York*, 2020 US Dist. LEXIS 220046, at *24 (EDNY Nov. 24, 2020); *Mingo v. City of New York*, 2020 U.S. Dist. LEXIS 229918 (EDNY Dec. 3, 2020); *Casaccia v. City of Rochester*, No. 17-CV-6323 (FPG)(MJP), Dkt. No. 85 (WDNY July 7, 2020). If the Court would allow a further submission on this issue after Defendants spell out their position, Plaintiff would be happy to submit it.

Thank you for the Court's attention to this matter.

Respectfully submitted,

*/s/ Gideon Orion Oliver*

Gideon Orion Oliver

3