

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

MURIEL GOODE-TRUFANT
*Corporation Counsel*

JONATHAN HUTCHINSON
*Senior Counsel*
jhutchin@law.nyc.gov
Phone: (212) 356-2410

October 3, 2025

<u>By ECF</u>
Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    <u>Derwin Gonzalez  v. City of New York, et al.,</u>
25 Civ. 1452 (LJL)

Your Honor:

I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing defendants the City of New York, Zachary Zinaman, Brenden Rogers, Utsav Desai, Gustavo Paul, and Eugene Adeleye (collectively, "defendants") in the above-referenced matter. Defendants write to (1) oppose plaintiff's proposed protective order and (2) respectfully request that the Court order that defendants' proposed protective order, annexed as Exhibit A, govern the non-disclosure of discovery material in this matter, or, in the alternative, impose the protective order annexed to Local Civil Rule 83.10 as Exhibit D.

On September 24, 2025, plaintiff filed an application for a proposed protective order, which departs from the Court's Model Protective Order in its treatment of Confidential Discovery Material following the conclusion of litigation. <u>See</u> ECF 34 at Exhibit 1. Previously, on September 11, 2025, defendants served plaintiff with their proposed protective order, modeled after Your Honor's standing protective order; although plaintiff represented in his letter of September 24, 2025 that defendants' proposed order was annexed as Exhibit 4, plaintiff failed to attach defendants' proposed order to his application. <u>See</u> ECF 34 at 1. Defendants' proposed protective order, annexed hereto as Exhibit A, complies with paragraph 2(G) of Your Honor's Individual Rules, is consistent with the categories of material identified in the protective order annexed to Local Civil Rule 83.10 as Exhibit D, and includes categories of materials that have been upheld as presumptively confidential in this District. <u>See</u> Exhibit A; Local Civ. R. 83.10, Exhibit D.

On February 25, 2025, this matter was designated for participation in the Local Civil Rule 83.10 Plan for Certain § 1983 cases ("the § 1983 Plan"). <u>See</u> Court Docket Entry dated February 25, 2025. Pursuant to the § 1983 Plan, "[t]he Protective Order attached as Exhibit D shall be

deemed to have been issued in all cases governed by this Rule." <u>See</u> Local Civ. R. 83.10(11). On April 29, 2025, after briefing by the parties, the Court exempted this matter from the § 1983 Plan. <u>See</u> ECF 14.

Despite this matter's exemption from the § 1983 Plan, there remain persuasive justifications for continuing to use the § 1983 Plan protective order itself, or at least retain the categories of confidential materials protected under the § 1983 Plan. First, the uniform application of the § 1983 Plan protective order to a broad category of cases allows for parties to proceed through the discovery process with expedience and with certainty as to how certain categories of materials are handled. Second, the § 1983 Plan protective order codifies existing case law governing the non-disclosure of certain categories of discovery material, including medical records and employee disciplinary records. Third, the § 1983 Plan protective order allows parties to both apply to the Court to designate certain discovery materials as confidential and to challenge a confidentiality designation. <u>See</u> Local Civ. R. 83.10, Exhibit D at ¶¶ 6-7.

Alternatively, the Court's Standing Protective Order adequately accounts for the categories of discovery material that are likely to be at issue in this matter and defendants' proposed edits merely make explicit that medical records and internal personnel and disciplinary records would be presumptively confidential. <u>See</u> Exhibit A. The Court's Standing Protective Order already includes "any information of a personal or intimate nature," which would undoubtedly include medical records and which arguably also include internal personnel and disciplinary records from a party's employer, in its list of materials that a producing party may designated as confidential. <u>See</u> Model Protective Order at ¶ 2. The inclusion of personnel and disciplinary records and medical records in defendants' proposed protective order is necessary to protect the privacy interests of the parties and non-parties to the litigation, without prejudicing the ability of either plaintiff or defendants to litigate this case.[1]

The inclusion of internal personnel and disciplinary records for parties to the litigation in defendants' proposed protective order is consistent with the handling of such information by the § 1983 Plan protective order and also follows this District's interpretation of whether such information should be deemed confidential in the wake of the repeal of Civil Rights Law § 50-a. It is well settled that the repeal of § 50-a has no impact on a Court's ability to deem law enforcement disciplinary records confidential in federal cases alleging civil rights violations, and plaintiff's arguments to the contrary are unpersuasive and have been squarely rejected by this District. Notably, plaintiff only cites cases from other districts in support of his arguments. As an initial matter, federal law "controls  issues of discoverability, privileges, and confidentiality" in cases filed in federal court, not state law. <u>See</u> <u>Crosby v. City of New York, et al.</u>, 269 F.R.D. 267, 274 (S.D.N.Y. 2010) (citations omitted).

---

[1] Defendants also include training materials and employment or personnel related records in their proposed protective order, which plaintiff does not oppose and so are not addressed here. Additionally, plaintiff does not appear to oppose defendants' proposed omission of categories of confidential materials that are unlikely to be at issue in this case, namely "previously disclosed financial information," "previously nondisclosed material relating to ownership or control of any non-public company," and "previously nondisclosed business plans."

Plaintiff's opposition to defendants' proposed inclusion of law enforcement disciplinary records in the categories of presumptively confidential discovery materials due to their alleged accessibility under the provisions of FOIL "misapprehends the law applicable to § 1983 cases brought in federal court." Elliot v. City of New York, No. 20 Civ. 702 (NRB), 2020 U.S. Dist. LEXIS 216028, 2020 WL 6782046 at *12 (S.D.N.Y. Nov. 18, 2020). "Section 50-a 'never govern[ed] discovery in federal cases' nor 'b[ound] federal courts considering actions brought pursuant to federal civil rights law like § 1983.'" Id. (citation omitted). Thus, its repeal and consequent expansion of FOIL is inapposite to whether law enforcement personnel and disciplinary records can be included in a protective order in federal court. As the court held in Elliott, "New York's repeal of Section 50-a simply has no bearing on [a] discovery issue in a federal case based on federal law." Id.; see also Saavedra v. City of New York, No. 19 Civ. 7491 (JPC), 2021 U.S. Dist. LEXIS 5752, 2021 WL 104057, at *6-7 (S.D.N.Y. Jan. 12, 2021) (the repeal of § 50-a does not affect whether law enforcement personnel and disciplinary records can be included in a protective order because "New York state law does not govern discoverability and confidentiality in federal civil rights actions") (quoting King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988)).

Plaintiff's proposal also presents practical difficulties that would impede the parties' ability to engage in discovery without involving the Court for every disciplinary record at issue. Under plaintiff's proposal, defendants would need to determine whether portions of some documents that would otherwise be eligible for a confidentiality designation are publicly available under FOIL before asking the Court to deem those non-public portions confidential. In a case where five members of the New York City Police Department have been named as defendants and where plaintiff has requested voluminous disciplinary records from the NYPD and Civilian Complaint Review Board ("CCRB"), including underlying closing reports for past allegations of misconduct unrelated to this matter, the process proposed by plaintiff is "painstaking." See Elliot, 2020 U.S. Dist. LEXIS 216028, 2020 WL 6782046, at *16 (describing the repeal of § 50-a as having no effect on protective orders applying to the handling of law enforcement disciplinary records in federal actions).

Finally, defendants object to plaintiff's proposed edit to the Court's Model Protective Order concerning the retention of confidential materials upon the conclusion of litigation and respectfully submit that the rationale provided by plaintiff for retaining those materials after the close of litigation are unpersuasive. By retaining this provision in their proposed protective order, defendants hew more closely to the Court's Model Protective Order, as required by Your Honor's Individual Rule 2(G). In his application of September 24, 2025, plaintiff represented that he intends to retain copies of confidential materials disclosed in this matter "until they can no longer be useful to the client," to defend against prospective malpractice claims, and for use in future cases against the City of New York and its employees.[2] See ECF 34 at 1-2. First, if law enforcement disciplinary records are useful to plaintiff in a future matter or in the defense of a malpractice claim, counsel

_____

[2] Plaintiff also argues that this Office cannot comply with the Court's Model Protective Order in that the Law Department cannot destroy records "outside of the parameters set in the relevant Records Disposition Schedule" but the Model Protective Order also provides for the return of confidential materials to the producing party at the conclusion of litigation, so this additional unpersuasive argument is not addressed here.

may request the production of those materials (which he claims are publicly available anyway) in that future matter. Second, counsel's ability to use discovery materials in another prospective matter should not affect the Court's analysis of whether there are compelling reasons to include those types of materials in a protective order's categories of presumptively confidential materials and, regardless, if plaintiff has grounds to impeach a witness in a future matter with those materials, he may request them in that matter, for that purpose.

Accordingly, defendants respectfully request that the Court deny plaintiff's application for a proposed protective order that is insufficient to protect the privacy interests of the parties and non-parties to this matter and grant defendants' application for a proposed protective order that complies with the rules of this Court.

Thank you for your time and consideration.

Respectfully submitted,

/s/ *Jonathan Hutchinson*
Jonathan Hutchinson
*Senior Counsel*

Encl.

cc:     **VIA ECF**
        Gideon Orion Oliver, Esq.
        Elena Louisa Cohen, Esq.
        Remy Green, Esq.
        *Attorneys for plaintiff*