```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
DERWIN GONZALEZ,                                                 :
                                                                 :
                        Plaintiff,                               :
                                                                 :        25-cv-1452 (LJL)
            -v-                                                  :
                                                                 :     MEMORANDUM AND
CITY OF NEW YORK, et al.,                                        :          ORDER
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2025

LEWIS J. LIMAN, United States District Judge:

On February 20, 2025, Plaintiff Derwin Gonzalez ("Plaintiff") instituted this action alleging claims against the City of New York (the "City") and named and unnamed members of the New York City Police Department ("NYPD," and together with the City, "Defendants") under 42 U.S.C. § 1983 and New York State law. Dkt. No. 1. Plaintiff alleges that his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and parallel provisions of the New York State Constitution[1] were violated and that he was subject to false arrest, malicious prosecution, excessive use of force, and denial of a fair trial when, in November 2023, he was arrested while protesting with unhoused people and others in support of unhoused people in New York, New York. *Id.* ¶¶ 21, 23–32, 36. In March 2024, the felony charges against Plaintiff were dismissed. *Id.* ¶ 47. In June 2024, all charges against Plaintiff were dismissed on speedy trial grounds. *Id.* On April 29, 2025, the Court issued an order removing this case from the § 1983 Plan codified in Local Civil Rule 83.10. Dkt. No. 14; *see* L. Civ. R. 83.10. In May 2025, the Court adopted a Case Management Plan and Scheduling Order

---

[1] N.Y. Const. art. I, §§ 6, 8–9, 11–12.

governing discovery. Dkt. No. 17. Currently, fact discovery is scheduled to conclude by November 25, 2025, and expert discovery by January 9, 2026. Dkt. No. 31.

Pending before the Court are competing applications for entry of a protective order to govern discovery exchanged in this case. Plaintiff has proposed a protective order based on the Court's model protective order, as reflected in the Court's Individual Practices in Civil Cases, Rule 2.G, with one change. The Court's model protective order provides for the return or destruction of all discovery material designated as confidential and all copies thereof within thirty days of the final disposition of the action. Model Protective Order, Chambers of Lewis J. Liman ¶ 18, https://www.nysd.uscourts.gov/hon-lewis-j-liman. Plaintiff asks to add the following language to that provision: "except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected under this Protective Order." Dkt. No. 34-2 ¶ 18. Plaintiff's proposed modification is based on a provision in the Stipulation and Model Protective Order of Magistrate Judge Wang. Dkt. No. 34 at 1; Dkt. No. 34-3 ¶ 10; Stipulation and Model Protective Order, Chambers of Ona T. Wang ¶ 10, https://www.nysd.uscourts.gov/hon-ona-t-wang.

Defendants' proposed protective order does not include the language that Plaintiff would add to the Court's model protective order. But it departs from the Court's model protective order in its description of the information that may be designated as confidential. It deletes the categories for previously nondisclosed financial information, previously nondisclosed material relating to the ownership or control of any non-public company, and previously nondisclosed business plans (none of which is presumably relevant to this case), and it adds the following categories:

> (b) employment or personnel related records of Members of Service of the New York City Police Department ("NYPD");

> (c) disciplinary-related records and/or records of investigations regarding the conduct of Members of Service conducted by the Civilian Complaint Review Board, NYPD Internal Affairs Bureau, other NYPD divisions, or any other governmental agency;
>
> (d) Training materials including, but not limited to, non-public sections of the Patrol Guide, Administrative Guide, Operations Orders, and training manuals.

Dkt. No. 41-1 ¶ 2. Defendants argue that "[t]he inclusion of internal personnel and disciplinary records for parties to the litigation in defendants' proposed protective order is consistent with the handling of such information by the § 1983 Plan protective order and also follows this District's interpretation of whether such information should be deemed confidential in the wake of the repeal of Civil Rights Law § 50-a." Dkt. No. 41 at 2.

Each side urges the Court to adopt its proposed protective order and to reject the other party's. Dkt. Nos. 34, 41.

For the following reasons, the Court adopts Plaintiff's proposed protective orders with a limited modification.

The rules applicable to protective orders are different than those applicable to filing papers in federal court. There is a presumption of public access to judicial documents filed with a court. *See Giuffre v. Maxwell*, 146 F.4th 165, 176 (2d Cir. 2025). The presumption "exist[s] to protect values that are essential to the preservation of a free democratic society." *Lohnn v. Int'l Bus. Corp.*, 2022 WL 36420, at *6 (S.D.N.Y. Jan 4, 2022). By contrast, the provision for protective orders governing documents exchanged in civil discovery requires "no heightened First Amendment scrutiny." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Federal Rule of Civil Procedure 26(c) allows a court to grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in the discovery process. Fed. R. Civ. P. 26(c). "Liberal discovery is provided for the sole purpose of

3

assisting in the preparation and trial, or the settlement, of litigated disputes." *Rhinehart*, 467 U.S. at 34. Where a request for discovery can lead to the production of "information that not only is irrelevant but if publicly released could be damaging to reputation and privacy," the court can take measures through a protective order to limit the information's release. *Id.* at 35.

To those ends, Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc.*, 593 F. App'x 32, 36 (2d Cir. 2014) (summary order) (quoting *Rhinehart*, 467 U.S. at 36). "The burden of showing good cause for the issuance of a protective order falls on the party seeking the order." *Ampong v. Costco Wholesale Corp.*, 550 F. Supp. 3d 136, 139 (S.D.N.Y. 2021); *see Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504, 505 (2d Cir. 2011) (summary order). A protective order may require that certain material obtained in discovery be kept confidential or disclosed only to attorneys. *See, e.g.*, *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 142 (2d Cir. 1987) (describing confidentiality order); *In re the City of New York*, 607 F.3d 923, 935 (2d Cir. 2010) ("The disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving trade secrets."). "A risk of revelation of information which might be unpopular or which might raise questions unrelated to the litigation is not sufficient to justify application of a protective order." *Chambers v. Cap. Cities/ABC*, 157 F.R.D. 3, 4 (S.D.N.Y. 1994); *see also Chem. Bank v. Affiliated FM Ins. Co.*, 154 F.R.D. 91, 94 (S.D.N.Y. 1994).

The determination that a particular document should be considered confidential under the Court's model protective order is consequential. The document may be shared only with a limited universe of individuals, constraining its use in litigation. Model Protective Order, Chambers of Lewis J. Liman ¶ 6, https://www.nysd.uscourts.gov/hon-lewis-j-liman. The

document may, for example, be shown only to counsel who are retained specifically for this action. *Id.* ¶ 6(b). It may not be shown to a prospective witness unless a party in good faith believes that the individual will be called as a witness at trial and the witness has signed a non-disclosure agreement. *Id.* ¶ 6(f). It also may not be shown to an expert unless the expert has been retained to serve as an expert witness or to provide specialized advice and has signed a non-disclosure agreement. *Id.* ¶ 6(g).

Defendants argue that the Court should accept their proposed changes to the Court's model protective order because they are consistent with the Court's § 1983 Plan. Dkt. No. 41 at 1–2. That argument provides an insufficient basis for the treatment of the information as confidential. The § 1983 Plan gives plaintiffs the right, without serving a request, to a variety of documents including "[a]ny CCRB records and the IAB closing report regarding the incident that forms the basis of the complaint" and "[f]or each defendant, the CCRB and CPI indices of complaint or incidents that are similar to the incident alleged in the complaint or that raise questions about the defendant's credibility."[2] S.D.N.Y. Plan for Certain § 1983 Cases Against the City of New York ¶ 5(a)(ii), (iii), https://www.nysd.uscourts.gov/sites/default/files/pdf/1983-Revised-Plan-and-Exhibits.6.10.14.pdf. The defendant may not object that the request is embarrassing or oppressive under Federal Rule of Civil Procedure 26(c). In exchange, plaintiffs agree to comply with the protective order that is part of the § 1983 Plan. *Id.* ¶ 11. "The S.D.N.Y. Plan was designed to expedite resolution of certain § 1983 actions through limited discovery and mediation." *Walls v. City of New York*, 502 F. Supp. 3d 686, 695 n.7 (E.D.N.Y.

---

[2] CCRB refers to the Civilian Complaint Review Board; IAB refers to the NYPD's Internal Affairs Bureau; CPI refers to the NYPD's Central Personnel Index. *Walls v. City of New York*, 502 F. Supp. 3d 686, 690 (E.D.N.Y. 2020) (defining acronyms and explaining that "the CCRB, IAB and CPI summaries provide abbreviated information about misconduct complaints or matters in an officer's career-long personnel records").

2020) (citing *Leslie v. City of New York*, 2012 WL 1744842, at *1 (S.D.N.Y. May 15, 2012)).

However, as Defendants themselves recognize, the Court exempted this case from the § 1983 Plan. Dkt. No. 14. Plaintiff can no longer count on automatic production of the information set forth in the § 1983 Plan but nor is he bound by the restrictions of that plan. The decision in *Elliot v. City of New York*, 2020 WL 6782046 (S.D.N.Y. Nov. 18, 2020), thus is not dispositive of Plaintiff's claim here.[3] In that case, a plaintiff who was part of the § 1983 Plan challenged the applicability of the provisions of that plan regarding the confidentiality of personnel records. As the court put it, what plaintiff there sought to do was "to fundamentally rewrite an aspect of the 1983 Plan that is enshrined in a Local Rule adopted by the Board of Judges of this District and approved by the Judicial Council of the Second Circuit after carefully assessing its merits." *Elliot*, 2020 WL 6782046, at *5. In this case, by contrast, the Court made a considered decision that the case should be not subject to the § 1983 Plan and thus that it should be treated comparably to cases filed in the Eastern District of New York, which has no such plan. *See Capellan v. City of New York*, 2021 WL 12147771, at *3 (E.D.N.Y. Jan. 7, 2021), *aff'd*, 2021 WL 12147783 (E.D.N.Y. Apr. 9, 2021); *see also Walls*, 502 F. Supp. 3d at 695 n.7. One might quarrel with that decision, as the Defendants did without success. *See* Dkt. No. 13 at 4 (Defendants' objection to Plaintiff's request that the case be removed from the § 1983 Plan). What, in the Court's view, is not subject to reasonable dispute is that two cases each alleging constitutional violations by NYPD members and neither of which is subject to the Court's § 1983 Plan should be subject to similar standards regarding confidentiality. The manner in

---

[3] The decision in *Saavedra v. City of New York*, 2021 WL 104057 (S.D.N.Y. Jan. 12, 2021), also is not apposite. In that case, the Court considered the scope of evidence discoverable in a case alleging constitutional violations by the NYPD and not the terms of a protective order that would govern such material.

6

which information is treated should not depend on which side of the river the alleged violations occurred.

Courts have generally found it appropriate to designate the personnel files of private businesses as confidential through a protective order where there is an "inherent potential for harm or embarrassment if the information they contain is revealed." *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 72–73 (S.D.N.Y. 2010) (collecting cases). Personnel records may contain information such as "social security numbers, immigration status information . . ., tax information, and personal or family medical history" that is not otherwise available to the public, and that would be "potentially embarrassing or otherwise revea[l] private aspects of an employee's or individual's life." *Montenegro v. NewRez, LLC*, 2024 WL 707284, at *4 (E.D.N.Y. Feb. 21, 2024); *see McDonnell v. First Unum Life Ins. Co.*, 2012 WL 13933, at *2 (S.D.N.Y. Jan. 4, 2012) (requiring that compensation and evaluation records of non-party employees remain confidential); *Perez v. Jupada Enters., Inc.*, 2011 WL 501601, at *3 (S.D.N.Y. Feb. 14, 2011) (citing cases and holding that a protective order for personnel files is warranted except as applied to plaintiffs' personnel files).

Those cases, however, are of limited weight in measuring the extent of protection to be provided to personnel and disciplinary records of members of the NYPD. "The privacy interest in the non-disclosure of professional records should be especially limited in view of the role of the police officer who must be accountable to public view." *Minor v. Curley*, 2011 WL 13253736, at *2 (N.D.N.Y. May 4, 2011) (citing *King v. Conde*, 121 F.R.D. 180, 191 (E.D.N.Y. 1988)); *see also Henry v. Centeno*, 2011 WL 3796749, at *5–6 (N.D. Ill. Aug. 23, 2011) (declining to issue protective order covering defendant police officers' disciplinary records because the privacy interest in "information [that] . . . relates solely to the public duties of a

7

public employee . . . is far more tenuous").

Prior to 2020, personnel records of certain law enforcement officers that were used to evaluate performance were considered confidential under New York's Freedom of Information Law ("FOIL").[4] *NYP Holdings, Inc. v. N.Y.C. Police Dep't*, 263 N.E.3d 871, 873 (N.Y. 2025). There thus may have been a warrant in considering them, like the personnel records of private employees, to be subject to a protective order. However, concluding that "this exemption 'undermined' the purpose of FOIL," the New York Legislature enacted legislation to repeal this exemption and amend FOIL "to provide for public access to 'law enforcement disciplinary records,' which are defined as 'any record created in furtherance of a law enforcement disciplinary proceeding.'" *Id.* (citations omitted). "[R]ecords concerning unsubstantiated complaints or allegations of misconduct are not categorically exempt from disclosure as an unwarranted invasion of personal privacy." *Newsday, LLC v. Nassau Cnty. Police Dep't*, 201 N.Y.S.3d 88, 91 (2d Dep't 2023); *N.Y.C.L. Union v. N.Y.C. Dep't of Corr.*, 183 N.Y.S.3d 411, 412 (1st Dep't 2023) ("Public Officers Law § 87(2) does not create a categorical or blanket exemption from disclosure for unsubstantiated complaints or allegations of uniformed officers' misconduct."), *leave to appeal denied*, 226 N.E.3d 346 (N.Y. 2024). "If police personnel records are available to the public, they are certainly available to civil rights plaintiffs if relevant to the litigation under Rule 26." *Fowler-Washington v. City of New York*, 2020 WL 5893817, at *3 (E.D.N.Y. Oct. 5, 2020). A document produced in civil litigation to the alleged victim of a civil

---

[4] Former Civil Rights Law § 50-a provided:
> All personnel records used to evaluate performance toward continued employment or promotion [of certain law enforcement officers] . . . shall be considered confidential and not subject to inspection or review without the express written consent of [the affected law enforcement officer] except as may be mandated by lawful court order.

N.Y. Civ. Rights Law § 50-a (1) (repealed June 12, 2020).

rights violation should not be subject to greater restrictions than the identical document provided to a member of the public under FOIL.  Indeed, a number of courts in this Circuit have held that employment, personnel, or disciplinary records of NYPD members are not categorically entitled to protection from disclosure pursuant to a protective order.  *See Capellan*, 2021 WL 12147771, at *3; *Mingo v. City of New York*, 2020 WL 7085359, at *2 (E.D.N.Y. Dec. 3, 2020).

Defendants may redact that information which is exempt from disclosure under New York Public Officers Law § 89(2-b), such as information protected by that section regarding medical history, home addresses, personal telephone numbers and personal emails, social security numbers, and the use of an employee assistance program, mental health service, or substance abuse assistance service.  *See* N.Y. Pub. Off. L. § 89(2-b)(a)–(d).  Otherwise, Defendants may not categorically treat personnel and disciplinary records as confidential.[5]

The Court also approves Plaintiff's proposed addition to the Court's model protective order.  Plaintiff asserts that the destruction or return of confidential documents by him would be burdensome because documents will be exchanged in electronic form and thus he would have "to scour e-mail inboxes and other virtual locations for where things were produced" or exchanged in order to be sure he was in compliance with the protective order.  Dkt. No. 34 at 2.  He also cites authority that an attorney should retain documents that may be necessary or useful to the client, including in the assertion of a defense in a matter for which the applicable limitations period had not expired.  N.Y.S. Bar Ass'n Comm. on Pro. Ethics, Op. 1192 ¶ 12 (2020).  Defendants seem to express concern that Plaintiff will be able to use the information in future cases against the City of New York and its employees.  Dkt. No. 41 at 3–4.  But the protective

---

[5] Defendants may also redact dates of birth and names of family members.  *See Fowler-Washington*, 2020 WL 5893817, at *4.

order, as proposed by Plaintiff, still would limit the use of information designated as confidential to "the prosecution and defense of this action." Dkt. No. 34-2 ¶ 11. If Plaintiff seeks to use documents designated as confidential in connection with the prosecution or defense of another action, Plaintiff will first have to obtain approval from this Court, whether or not the case remains open.

The Clerk of Court is respectfully directed to close Dkt. No. 34.

SO ORDERED.

Dated: October 15, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge